USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/13/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
UNITED STATES OF AMERICA

            -against-                         17 Cr. 716 (RWS)

PEDRO VALDEZ-ALVARADO,                        SENTENCING
                                              OPINION

                          Defendant.
------------------------------------------X
```

**Sweet, D.J.**

On November 17, 2017, Pedro Valdez-Alvarado ("Valdez-Alvarado" or the "Defendant") pleaded guilty to one count of Illegal Reentry, 8 U.S.C. §§ 1326(a) and (b)(2). For the reasons set forth below, Valdez-Alvarado will be sentenced to twenty-four months' imprisonment, to run concurrently with his New York State term of imprisonment, followed by two years of supervised release, subject to modification at the sentencing hearing currently scheduled for February 20, 2018. Valdez-Alvarado will also be required to pay a special assessment of $100.

**Prior Proceedings**

On June 5, 2017, Valdez-Alvarado was arrested by the New York Police Department ("NYPD") for a cocaine-related arrest, for which he pleaded guilty on September 18, 2017, and is

1

presently serving a one year term of imprisonment. Valdez-Alvarado was writted into federal custody on or about September 28, 2017.

On November 17, 2017, Valdez-Alvarado was charged in a one-count Information with Illegal Reentry (Count One, 8 U.S.C. §§ 1326(a) and (b)(2)) (the "Information").

Count One of the Information charged that on June 5, 2017, in the Southern District of New York and elsewhere, Valdez-Alvarado, being an alien, unlawfully did enter, and was found in the United States, after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

On November 17, 2017, Valdez-Alvarado appeared before the Honorable Kevin Nathaniel Fox and pleaded guilty to criminal conduct as charged in the Information. Valdez-Alvarado is scheduled to be sentenced on February 20, 2018.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to offense conduct. These facts are summarized below.

Valdez-Alvarado has twice been lawfully removed from the United States. The first removal, in August 2006, followed a

March 2004 conviction for criminal possession of a controlled substance in the second degree, a Class A felony; the second removal, in November 2008, followed a January 2008 conviction for illegal reentry.

Sometime between 2015 and 2016, Valdez-Alvarado returned to the United States without receiving the necessary governmental consent. On June 5, 2017, Valdez-Alvarado was arrested by the NYPD on charges of criminal possession of a controlled substance in the first degree, a Class A felony.

**The Relevant Statutory Provisions**

For Count One, the maximum term of imprisonment is twenty years and the maximum fine is $250,000. 8 U.S.C. § 1326(a); 18 U.S.C. § 3571(b). The offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Valdez-Alvarado is eligible for not less than one and not more than five years of probation, for which one of the following conditions must be imposed as a condition unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3561(c)(1).

A special assessment of $100 per count is mandatory. 18
U.S.C. § 3013(a)(2)(A). Restitution is not applicable in this
case. 18 U.S.C. § 3663.

**The Guidelines**

The Court adopts the guidelines calculation set forth in
the PSR. The November 1, 2016, edition of the <u>United States
Sentencing Commission Guidelines Manual</u>, incorporating all
Guidelines amendments, has been used in this case for
calculation purposes, pursuant to U.S.S.G. § 1B1.11.

For Count One, the Guideline for a violation of 8 U.S.C.
§ 1326(a) is U.S.S.G. § 2L1.2(a). The base offense level is 8.
<u>Id.</u>

Several Guidelines specific offense characteristics apply:

- First, because Defendant committed the instant offense
  after a conviction for a felony illegal reentry offense,
  the offense level is increased by four levels. U.S.S.G.
  § 2L1.2(b)(1)(A).

- Second, because Defendant incurred a conviction for a
  felony offense for which the sentence imposed by five years

or more prior to his removal from the United States, the offense level is increased by ten levels. Id. § 2L1.2(b)(2)(A).

- Third, because Defendant incurred a conviction for a felony offense other than an illegal reentry after his removal from the United States the offense level is increased by four years. Id. § 2L1.2(b)(3)(D).

Accordingly, the Count One subtotal is 26.

\* \* \* \*

Based on his plea allocution, Defendant has demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).

Defendant has also assisted by timely notifying authorities on the intention to enter a guilty plea. Accordingly, the offense level is decreased by one level. U.S.S.G. § 3E1.1(b).

Therefore, Defendant's resulting adjusted offense level is 23.

\* \* \* \*

On November 28, 2003, Defendant was arrested and later pleaded guilty in New York County Supreme Court to criminal possession of a controlled substance in the second degree, namely cocaine, for which he was sentenced to four years' to life of imprisonment followed by six months' license suspension. Defendant was removed from the United States on August 9, 2006. This conviction warrants three criminal history points. U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1).

On November 7, 2007, Defendant was arrested and later pleaded guilty in the United State District Court for the Southern District of Florida to illegal reentry after deportation, for which he was sentenced to one year and one day of imprisonment followed by three years' supervised release. Defendant was removed from the United States on November 7, 2008. This conviction warrants two criminal history point. U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1).

On June 5, 2017, Defendant was arrested and later pleaded guilty in New York County Supreme Court to criminal possession of a controlled substance in the first degree, namely cocaine, for which he was sentenced to one year of imprisonment followed by two years' post-release supervision and six months' license

8

suspension. This conviction warrants two criminal history points. U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1).

The criminal convictions listed above result in a subtotal criminal history score of seven, which establishes a criminal history category of IV. U.S.S.G. Ch. 5, Pt. A.

* * * *

Based on a total offense level of 23 and a criminal history score of IV, the Guidelines range for imprisonment is 70 to 87 months' imprisonment. As Defendant presently has an undischarged term of imprisonment at the state level, any sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. U.S.S.G. § 5G1.3(d).

If supervised release is sentenced, the Guidelines range is one to three years. U.S.S.G. § 5D1.2(a)(2). Defendant is ineligible for probation. U.S.S.G. § 5B1.1, cmt. 2.

The Guidelines fine range for this offense is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides a daily cost of $95, a monthly cost of $2,898, and an annual cost of $34,770 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in Crosby, 397 F.3d 103 (2d Cir. 2005). In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to

10

accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines, the factors set forth in § 3553(a), the Court will issue a below Guidelines sentence.

**The Sentence**

For the instant offenses, Valdez-Alvarado shall be sentenced to twenty-four months' imprisonment, to run concurrently with his New York State term of imprisonment, followed by two years of supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not unlawfully possess a controlled substance.

(3) Refrain from any unlawful use of a controlled substance.

(4) Cooperate in the collection of DNA as directed by the probation officer.

The mandatory drug test condition is to be suspended because of the imposition of a drug treatment condition.

11

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall submit his person, residence, place of business, vehicle, and any other property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol. Defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the PSR, to the substance abuse treatment provider.

(3) Defendant must obey the immigration laws and comply with the directives of immigration authorities.

(4) Defendant is to be supervised by his district of residence.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), and pursuant to U.S.S.G. § 5E1.2(a), it does not appear that Valdez-Alvarado is able to pay a fine, and the fine in this case is accordingly waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing currently scheduled for February 20, 2018.

It is so ordered.

**New York, NY**
**February 15, 2018**

_____
ROBERT W. SWEET
U.S.D.J.